Rory T. Kay, Esq. (NSBN 12416)
Tara U. Teegarden, Esq. (NSBN 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Benjamin S. White
*Pro Hac Vice Application Forthcoming*
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Telephone: (858) 272-0220
Facsimile: (858) 272-0221
bwhite@ipla.com

*Attorneys for Plaintiff V Shred, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| V SHRED, LLC, a Nevada company,<br><br>Plaintiff,<br><br>v.<br><br>GRAVITY TRANSFORMATION LLC, a Texas company, and GEORGE PERELSHTEYN, an individual,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**(1)** **Copyright infringement (REGISTERED SCRIPTS – TXu 2-136-637);**<br><br>**(2)** **Copyright infringement (REGISTERED VIDEOS – Pau 3-961-632);**<br><br>**(3)** **Breach of Contract**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff V SHRED, LLC ("**V Shred**") brings this complaint against Defendants GRAVITY TRANSFORMATION LLC ("**Gravity**"), and GEORGE PERELSHTEYN

("**Perelshteyn**") for injunctive relief and damages under the laws of the United States and the State of Nevada.

### NATURE OF THE ACTION

1. This is an action for violation of the Copyright Act, 17 U.S.C. § 501.

2. Plaintiff brings this action for copyright infringement and unfair competition after discovering that Defendants had copied an innovative and highly successful series of original copyrighted works that Plaintiff launched at the start of 2018.

3. Plaintiff brings its cause of action for breach of contract because, after attempting to settle this matter without judicial intervention, the parties reached an agreement that Defendants now refuse to acknowledge.

4. Defendants have ceased all communications with Plaintiff, leaving Plaintiff with no recourse except through this action.

### THE PARTIES

5. Plaintiff is a Nevada limited liability company with its headquarters in Las Vegas, Nevada.

6. On information and belief, Gravity is a Texas company with headquarters in Austin, Texas.

7. On information and belief, Perelshteyn is a member of Gravity and directs the controls and operations of Gravity, including its operations of Gravity's website <https://gravitytransformation.com/>.

8. Defendants Gravity and Perelshteyn are hereinafter collectively referred to as "**Defendants**".

9. On information and belief, the actions alleged herein have been undertaken by each Defendant individually and collectively, were actions that each Defendant caused to occur, authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each Defendant assisted, participated, or otherwise encouraged, and are actions for which each Defendant is liable, jointly and severally. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those

4851-5360-4081, v. 1

actions, provided assistance and/or benefitted from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other Defendants.

## JURISDICTION AND VENUE

10. This action arises under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to under 28 U.S.C. §§ 1331 and 1338.

11. Defendants market, advertise, and sell their counterfeit educational courses online and within this judicial district that infringe upon Plaintiff's copyrighted works.

12. Defendants' counterfeit educational courses have been offered for sale and sold to Nevada residents within this judicial district.

13. This Court has personal jurisdiction over Defendant Gravity because it primarily operates through its website <https://gravitytransformation.com/>, an interactive website aimed at contracting with consumers across the country, including this judicial district, to sell fitness and nutrition products, directly through the <https://gravitytransformation.com/> website. Defendant Gravity has over 2,200,000 subscribers on YouTube and focuses its marketing efforts in the online space on intentionally and specifically targeting consumers across the country, including within this judicial district. Defendant Gravity purposefully directed these online marketing efforts, specifically including copies of Plaintiff's copyrighted works, to residents within this judicial district. The exercise of jurisdiction over Defendant Gravity does not offend traditional notions of fair play and substantial justice.

14. This Court also has personal jurisdiction over Defendant Gravity because it consented to the jurisdiction of this Court.

15. This Court has personal jurisdiction over Defendant Perelshteyn because he was a central figure and guiding spirit of the infringement as Defendant Perelshteyn controlled Defendant Gravity's online marketing of fitness and nutrition products, devised the scheme to sell those products through a body type quiz and tailored sales video, and directed that the

content of such body type quiz and sales video to be copied from Plaintiff's copyrighted works. The exercise of jurisdiction over Defendant Perelshteyn does not offend traditional notions of fair play and substantial justice.

16. Defendants were aware of Plaintiff, its copyrighted works, its location in this judicial district, and intentionally copied Plaintiff's copyrighted works, causing injury within this judicial district.

17. This Court has pendant, ancillary, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims under Nevada law because such claims are so closely related that they form part of the same case or controversy.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

**DIVISION ASSIGNMENT**

19. Assignment to the Las Vegas division is proper under Civil Local Rule IA 1-8(a), because this action arises, in part, in Las Vegas, where Defendants, among other places, engaged in their unlawful conduct.

**FACTUAL ALLEGATIONS**

**A.    Plaintiff's Scripts and Videos**

20. Plaintiff is a fitness, nutrition, and supplement business that primarily operates online through its website at <https://vshred.com/> and is one of the fastest growing businesses in the highly competitive fitness industry.

21. Plaintiff has operated its website since January 30, 2017.

22. Plaintiff sells products including workout guides targeting specific body areas, recipe guides for clean and healthy eating, supplement guides and other educational information related to health and fitness.

/ / /

/ / /

4851-5360-4081, v. 1

23. Plaintiff also uses a customized "body type quiz" to provide users a daily eating plan, including specific macro goals, based on that individual's age, height, weight, and activity level.

24. Specifically, users provide answers to the "body type quiz" and then are redirected to a webpage tailored to the results of the quiz, including a Video Sales Letter ("**VSL**").

25. Specifically, Plaintiff created six specific VSLs, each with its own custom and original script, to advise people of all different ages and body types to maximize the benefits of their fitness programs.

26. Plaintiff is the owner of a copyright registration granted on February 18, 2019, for "V Shred Unpublished Collection of Scripts for Fitness Videos" which is registered under Registration No.: TXu 2-136-637 ("Registered Scripts"). A true and correct copy of this registration is attached hereto as **Exhibit A**.

27. Plaintiff is the owner of a copyright registration granted on February 13, 2019, for "V Shred Unpublished Collection of Fitness Videos" which is registered under Registration No.: Pau 3-961-632 ("Registered Videos"). A true and correct copy of this registration is attached hereto as **Exhibit B**.

28. Collectively, Plaintiff's Registrations are referred to as Plaintiff's Works.

29. Plaintiff's Works have been available on its website at <https://vshred.com/> since the beginning of 2018 when they were included in a redesign of Plaintiff's website that immediately generated significant online traffic to <https://vshred.com/> and corresponding consumer interest in Plaintiff's Works.

30. The VSLs explain how the viewer can accomplish their goals and how V Shred can help in that process.

31. The VSL webpage at <https://vshred.com/> also makes Plaintiff's fitness and recipe guides available for purchase.

32. Plaintiff has experienced tremendous sales through the combination of its "body type quiz" and VSLs, through use of Plaintiff's Works.

33. Plaintiff also invested in the creation of original advertisements for Plaintiff's Works and published those advertisements throughout the United States.

**B.     Defendants' Business and Infringement**

34. Defendants operate an online fitness business, selling similar products to Plaintiff, including but not limited to workout guides targeting specific body areas, recipe guides for clean and healthy eating, supplement guides, and other educational information related to health and fitness.

35. In 2018, after Plaintiff's redesigned website went online making Plaintiff's Works available to consumers, Defendants altered their website at <https://gravitytransformation.com/> to copy Plaintiff's redesigned website, Plaintiff's quiz/VSL process, and Plaintiff's Works.

36. Namely, Defendants began utilizing a similar "body type quiz" that asked the same questions regarding a user's age, height, weight, and activity level.

37. Then, in identical fashion to Plaintiff, the user was directed to a VSL that was tailored to the quiz results and featured a list of items for sale, including fitness and recipe guides.

38. However, Defendants' VSLs were copied from Plaintiff's copyright protected VSLs.

39. Specifically, the scripts for Defendants' VSLs visually look identical, with white backgrounds and a single person talking, to Plaintiff's Registered Videos, contain large sections of script that are verbatim copies from Plaintiff's Registered Scripts, and follow the same progression throughout the script as Registered Scripts such that the two videos are substantially similar in content and appearance.

40. Defendants also marketed their infringing products in the same manner and through the same channels that Plaintiff used to market Plaintiff's Works.

**C.     Settlement Agreement**

41. On May 10, 2019, Plaintiff issued a settlement demand that required payment of a sum certain.

4851-5360-4081, v. 1

42. On May 28, 2019, Defendant Gravity, through counsel, offered to settle this dispute for a lower sum certain, payable over five months.

43. On June 24, 2019, Plaintiff rejected Defendant Gravity's offer and indicated a higher settlement amount would be required.

44. On July 11, 2019, Defendant Gravity, through new counsel, repeated Gravity's offer to settle for the same sum certain amount as stated in its May 28, 2019, counteroffer.

45. On July 24, 2019, and in order to accelerate resolution of the matter and provide certainty for the Parties, Plaintiff accepted Gravity's offer to pay a sum certain to resolve the dispute and attached a proposed settlement agreement.

46. On August 1, 2019, Defendant Gravity, through counsel, made revisions to Plaintiff's proposed settlement agreement, including altering the payment schedule to allow for three payments instead of a lump sum, including a notice and cure provision, and other non-material changes.

47. On September 20, 2019, Plaintiff responded accepting Defendant Gravity's proposed changes to the payment schedule, the notice and cure provision, and some of the other non-material edits. Plaintiff also added some non-material edits.

48. At this point, the Parties had agreed to all material terms, including settlement payment amount, payment schedule, agreement not to infringe, language of mutual releases, notice and cure provision, notice provision, and provisions regarding admissions, waivers, authority to enter, cooperation, binding agreement, severability, integration, construction, costs (including payment of attorney fees to the prevailing party), governing law and jurisdiction (with exclusive jurisdiction in Nevada), injunctive relief, counterparts, and effective date.

49. Of the 20 paragraphs in the settlement agreement, the last turn of the agreement by Plaintiff only made non-material changes to 2 of those paragraphs.

50. However, Defendant Gravity, through counsel, never responded and never signed the settlement agreement.

51. Plaintiff contacted Defendant Gravity's counsel several times following up on the status of the settlement agreement.

4851-5360-4081, v. 1

52. Defendant Gravity's counsel responded that they would pass along Plaintiff's emails to Defendant Gravity, but never provided a substantive response.

53. Plaintiff's counsel asked Gravity's counsel if they were authorized to accept service, however, Gravity's counsel indicated it was not so authorized.

**D.      Defendants' Contacts Within This Judicial District**

54. Defendants' contacts within this judicial district are numerous and substantial. For example, on information and belief, Defendants and/or its officers, sales representatives, and/or agents routinely conduct business within this judicial district, including but not limited to the reproduction, creation of derivative works, marketing, advertising, distribution, and sale of the Infringing Goods.

55. On information and belief, Defendants target consumers throughout the United States, including consumers in this judicial district.

56. On information and belief, consumers in this judicial district have owned, purchased, and/or used Defendants' Infringing Goods in this judicial district.

57. On information and belief, Defendants distribute the Infringing Goods to consumers throughout the United States and in this judicial district.

58. On information and belief, Defendants' website <https://gravitytransformation.com/> is not passive, but instead encourages users nationwide and within this judicial district to purchase its Infringing Goods.

59. All of Plaintiff's allegations on information and belief will likely have evidentiary support after reasonable opportunity for further investigation or discovery.

**FIRST CAUSE OF ACTION**
**Federal Copyright Infringement (Registered Scripts – TXu 2-136-637– 15 U.S.C. § 1114(1)**

60. Plaintiff restates all paragraphs as if fully restated herein.

61. Plaintiff is the owner of a copyright registration granted on February 18, 2019, for "V Shred Unpublished Collection of Scripts for Fitness Videos" which is registered under Registration No.: TXu 2-136-637. *See* **Exhibit A**.

62. Plaintiff has never directly or indirectly granted Defendants any right to use any of Plaintiff's Works.

63. As early as 2018, Defendants created, distributed, displayed, and sold VSLs that are slavish copies of, substantially similar to, and a derivate work of Plaintiff's Registered Scripts through <https://gravitytransformation.com/>.

64. Defendants' actions constitute copyright infringement pursuant to 17 U.S.C. § 501.

65. Defendants intentionally copied Plaintiff's Registered Scripts and willfully infringed on Plaintiff's rights.

66. Plaintiff is entitled to actual damages and Defendants' profits, or statutory damages pursuant to 17 U.S.C. § 504, whichever is greater.

67. Plaintiff is entitled to a separate award of damages for each of the scripts covered by Plaintiff's Registered Scripts that Defendants copied or used to create infringing works.

68. Plaintiff is entitled to its costs and attorney fees pursuant to 17 U.S.C. § 505.

### SECOND CAUSE OF ACTION
**Federal Copyright Infringement (Registered Videos – Pau 3-961-632– 15 U.S.C. § 1114(1)**

69. Plaintiff restates all paragraphs as if fully restated herein.

70. Plaintiff is the owner of a copyright registration granted on February 13, 2019, for "V Shred Unpublished Collection of Fitness Videos" which is registered under Registration No.: Pau 3-961-632. *See* **Exhibit B**.

71. Plaintiff has never directly or indirectly granted Defendants any right to use any of Plaintiff's Works.

72. As early as 2018, Defendants have copied Plaintiff's Registered Videos in terms of appearance and content through <https://gravitytransformation.com/>.

73. Defendants' actions constitute copyright infringement pursuant to 17 U.S.C. § 501.

74. Defendants intentionally copied Plaintiff's Registered Videos and willfully infringed upon Plaintiff's rights.

4851-5360-4081, v. 1

75. Plaintiff is entitled to actual damages and Defendants' profits, or statutory damages pursuant to 17 U.S.C. § 504, whichever is greater. Plaintiff is entitled to a separate award of damages for each of the videos covered by Plaintiff's Registered Videos that Defendants copied or used to create infringing works. Plaintiff is entitled to its costs and attorney fees pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION
### Breach of Contract

76. Plaintiff restates all paragraphs as if fully restated herein.

77. Plaintiff and Defendant Gravity reached a settlement agreement that contained all material and essential terms, including payment amount, payment schedule, scope of release, and other provisions.

78. An enforceable settlement agreement exists.

79. Defendant Gravity has refused to sign the agreement and refused to act consistent with the settlement agreement, causing Plaintiff damages.

80. Defendant Gravity must be compelled to act consistent with the settlement agreement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully asks that the Court enter the following judgment:

A. That Defendants, their officers, agents, servants, employees, and any persons in active concert or participation with them be permanently enjoined and restrained from infringing Plaintiff's copyright rights in Plaintiff's Works;

B. That Defendants account for and pay Plaintiff all profits realized by Defendants by reason of their unlawful acts alleged here for infringement of Plaintiff's Works and that the Court impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing activities;

C. That the Court enter a finding that Defendants' actions were willful, intentional, deliberate, and malicious;

D. That the Court required Defendants to immediately supply Plaintiff's counsel

4851-5360-4081, v. 1

with a complete list of individuals and entities from whom or which it sold, offered for sale, distributed, advertised, or promoted Plaintiff's Works;

      E.    In the alternative to actual damages and profits, that Plaintiff be awarded statutory damages in the amount of $150,000 for each of Plaintiff's Works that Defendants have infringed or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

      F.    That Plaintiff be awarded its costs and attorneys' fees incurred in this action;

      G.    That Plaintiff be awarded pre-judgment interest on its judgment; and

      H.    Such other and further relief as the Court may deem equitable, proper, and just.

Respectfully submitted this 14th day of July.

McDONALD CARANO LLP

By: /s/ *Rory T. Kay*
    Rory T. Kay, Esq. (NSBN 12416)
    Tara U. Teegarden, Esq. (NSBN 15344)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rkay@mcdonaldcarano.com
    tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiff V Shred, LLC*

4851-5360-4081, v. 1

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury.

Respectfully submitted this 14th day of July, 2021.

McDONALD CARANO LLP

By: /s/ *Rory T. Kay*
Rory T. Kay, Esq. (NSBN 12416)
Tara U. Teegarden, Esq. (NSBN 15344)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Benjamin S. White
*Pro Hac Vice Application Forthcoming*
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
bwhite@ipla.com

*Attorneys for Plaintiff V Shred, LLC*

4851-5360-4081, v. 1