Rory T. Kay, Esq. (NV Bar No. 12416)
Tara U. Teegarden, Esq. (NV Bar No. 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: 702-873-4100
Facsimile: 702-873-9966
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Benjamin S. White (CA Bar No. 279796)
*Pro Hac Vice Application Granted*
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, California 92121
Telephone: 858-272-0220
Facsimile: 828-272-0221
bwhite@ipla.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| V SHRED, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GRAVITY TRANSFORMATION LLC; and<br>GEORGE PERELSHTEYN,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01344-JCM-VCF<br><br>~~[DRAFT]~~ STIPULATED<br>CONFIDENTIALITY AGREEMENT AND<br>PROTECTIVE ORDER |

　　　　WHEREAS during the above-captioned litigation, the above-named parties and certain nonparties may be subject to discovery requests, subpoenas, and/or proceedings which seek disclosure of information that constitutes or contains trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

　　　　WHEREAS the parties wish to preserve the confidentiality of such information through use of a protective order (this "Confidentiality Order" or "Order"); and

　　　　WHEREAS the parties have a legitimate interest in maintaining the confidentiality of such confidential and/or proprietary information that may be produced in this litigation and would otherwise suffer immediate and serious injury if the confidentiality of such information were not

maintained.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, subject to the approval of the Court, that the following Confidentiality Order shall govern the handling in this litigation of all products of discovery and information derived therefrom, including but not limited to documents, depositions, deposition exhibits, information or things disclosed or produced in response to request for production, answers to interrogatories, responses to requests for admission, and any other information or material, and the contents thereof, produced, given, or exchanged in this litigation (whether by formal process, agreement, court order, or otherwise); and

Good cause appearing for the entry of this Confidentiality Order, **IT IS ORDERED AS FOLLOWS**:

**I.    DEFINITIONS**

    A.    *Challenging Party*: A Party or Non-Party that challenges the designation of information or Discovery Material under this Order.

    B.    *Discovery Material*: The term "Discovery Material" shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example: exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions of any of the foregoing.

    C.    *Document*: shall have the same definition as set forth in Federal Rule of Civil Procedure 34(a), including every means of recording any form of communication or information, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, electronically stored information, including information stored on magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other

tangible things which come within the meaning of "writings" contained in Rule 1001 of the Federal Rules of Evidence

D. *"CONFIDENTIAL" Information or Discovery Material*: This term shall mean information (regardless of how generated, stored, or maintained) or tangible things that have been designated by a Party or Non-party ("Designating Party"), as CONFIDENTIAL based on a good faith belief that such information constitutes protectible information covered by Fed. R. Civ. P. 26(c)(1)(G).

E. *In-House Counsel*: The term "In-House Counsel" refers to attorneys who are employees of a Party.

F. *Litigation*: The term "litigation" refers to the above-captioned proceeding pending in the United States District Court for the District of Nevada.

G. *Outside Counsel*: The term "Outside Counsel" will mean attorneys who are not employees of a Party (or Nonparty) but who are retained to represent or advise a Party (or Nonparty) in this Litigation.

H. *Party*: The terms "Party" and "Parties" shall mean any party to this Litigation, including all said Party's officers, directors, employees, consultants, and/or agents.

I. *Designating Party*: The term "Designating Party" shall mean any Party or Nonparty to this action, including its counsel, retained experts, directors, officers, employees, and/or agents, who designates any Discovery Material produced in this Litigation pursuant to this Confidentiality Order.

J. *Protected Material*: The term "Protected Material" shall mean any information, disclosure, or Discovery Material that is designated as CONFIDENTIAL.

K. *Receiving Party*: The term "Receiving Party" shall mean any Party, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this Litigation.

L. *Scope*: The scope of this Order shall be understood to encompass not only Protected Material, which is expressly designated as CONFIDENTIAL, but also any information derived therefrom, including all copies, excerpts, and summaries

thereof, whether partial or complete, as well as testimony, documents, and/or oral conversations that reveal all or part of said CONFIDENTIAL information.

## II. PROCEDURE FOR MARKING CONFIDENTIAL INFORMATION

The Designating Party shall mark material as CONFIDENTIAL in the following manner:

A. In the case of Documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" on each page of the Document, on the cover, or in a prominent place on any other tangible thing before production of the Document or tangible thing;

B. In producing original files and records for inspection, no marking need be made by the Designating Party in advance of the inspection. For the purposes of the inspection, all Documents produced shall be considered as marked CONFIDENTIAL. Thereafter, upon selection of specified Documents for copying by the Receiving Party, the Designating Party shall mark as "CONFIDENTIAL" the copies of such Documents as contains Protected Material at the time the copies are produced to the Receiving Party; and;

C. In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Designating Party either: (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked with the appropriate legend "CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and Outside Counsel, given within fifteen (15) business days after the reporter sends written notice to the deponent or the deponent's Outside Counsel that the final transcript is available for review, in which case all Outside Counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party or deponent. Pending expiration of the fifteen (15) business days, all Parties and, if applicable, any third-party witnesses or Outside Counsel, shall treat the deposition transcript as if it had been designated CONFIDENTIAL. No person

shall attend the designated portions of such depositions unless such person is an authorized recipient of CONFIDENTIAL material under the terms of this Order or the Parties agree that such person may attend.

    D.    Notwithstanding any of the foregoing, information that is in the public domain or which is already known by the Receiving Party or which is or becomes available to the Receiving Party from a source other than the Designating Party rightfully in possession of such information on a non-confidential basis shall be presumed to be non-confidential under this Order.

    E.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

    F.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**III.**    **CONTESTING THE DESIGNATION**

    A.    No Party to this Litigation shall be obligated to challenge the propriety of any CONFIDENTIAL designation by any Designating Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

///

///

///

///

B.    Any Party may contest a claim of confidentiality. The burden of establishing confidentiality is and always remains on the Party who made the claim of confidentiality (i.e., the Designating Party), but information designated as CONFIDENTIAL shall be deemed as such until the matter is resolved.

C.    Any Party objecting to any Protected Material's CONFIDENTIAL designation shall initiate the dispute resolution process by providing written notice served by electronic mail. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. Upon receipt of such written notice, the Designating Party must, within five (5) business days of service, identify to the Challenging Party all grounds supporting such CONFIDENTIAL designation. The failure of the Designating Party to respond to said written notice within the prescribed five (5) business day period results in a waiver either (i) as to such designation(s) generally (where no grounds of any kind were timely provided) or (ii) with respect to any grounds not asserted within the five-day period. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the Designating Party has timely provided ground(s) for the challenged designation(s), the parties shall attempt to resolve any disputes in good faith.

D.    If after an additional three (3) business day period (*i.e.*, 8 days from the service of the designation challenge notice), the Parties are unable to reach agreement on any disputed issue(s), then the Challenging Party may file a motion under Local Civil Rules 26-6 and 7-2 seeking relief from the Court to which the Designating Party may respond as per Local Civil Rule 7-2.

  E. Notwithstanding the foregoing designation challenge procedure, a Challenging Party may seek more expedited relief from the Court at any time if there is good cause for doing so, such as where, among other circumstances, the timing of a designation may interfere with the Challenging Party's ability to obtain timely or appropriate relief.

  F. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## IV. RESTRICTION ON DISCLOSURE OR USE

  A. *Basic Principles*: Protected Materials shall be used solely for purposes of conducting this Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

  B. *Confidentiality*: Protected Material and the information derived from such Protected Material (excluding information that is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

  C. *Maintenance of Protected Material*: Protected Material designated as such shall be maintained by the Receiving Party at a location and under circumstances to reasonably ensure that access is limited to those persons entitled to have access under this Order. A Designating Party is free to do whatever it desires with its own Protected Material.

## V. ACCESS TO PROTECTED MATERIALS

  A. *Disclosure of "CONFIDENTIAL" Information or Items*: Unless otherwise ordered

by the Court or permitted in writing by the designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

1. Outside Counsel in this Litigation, including Outside Counsel's support staff such as paralegals, technology specialists, and secretaries;

2. With the exception of up to two In-House Counsel per Party and each such In-House Counsel's clerical staff and paralegals; provided, however, that each such In-House Counsel currently does not have and shall not have for a period of one year from final disposition of this Litigation (as defined in paragraph 12 below): (a) direct responsibility for the drafting, prosecution, transmission of financial documents and/or (b) any direct responsibility for the financial affairs of the franchise or franchisees;

3. Experts or consultants of the Receiving Party and their administrative support staff, if any, to whom disclosure is reasonably necessary for this Litigation, who have signed the Acknowledgement And Agreement To Be Bound, attached hereto as Exhibit A;

4. The Court, its personnel and agents, and the jury;

5. Court reporters, their staff, and professional litigation support services vendors such as graphics services to whom disclosure is reasonably necessary for this Litigation;

6. The following persons, but only during their depositions or testimony at trial: (1) a current or former officer, director, or employee of the Designating Party, or (2) a designee selected by a Designating Party to provide testimony pursuant to Fed. R. Civ. P. 30(b)(6). Persons authorized to view Protected Material under this sub-paragraph must not retain copies of any Protected Material;

7. A person who (a) who appears on the face of the CONFIDENTIAL Document to be an author, addressee, or recipient, (b) is the original source of the CONFIDENTIAL information, or (c) there is objective reason to

believe has prior knowledge of the CONFIDENTIAL information. Persons authorized to view Protected Material under this sub-paragraph must not retain copies of any Protected Materials; and

8. Persons who have been retained by a Party to provide translation or interpretation from one language to another.

## VI. CONDITIONS ON ACCESS TO PROTECTED MATERIAL

*Authorization and Acknowledgment*: Each person to whom Protected Material is to be given, shown, disclosed, made available, or communicated in any way in accordance with this Protective Order, (excluding Outside Counsel, In-House Counsel for each Party, Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Litigation is pending, qualified court reporters, and trial consultants), shall first execute an Acknowledgment And Agreement To Be Bound in the form shown in Exhibit A. Outside Counsel for the Receiving Party shall keep in his or her files an original of each such executed Acknowledgment And Agreement To Be Bound until sixty (60) calendar days after the final termination of this Litigation.

## VII. PROCEDURES FOR FILING PAPERS WITH PROTECTED MATERIAL

Protected Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court. Without written permission from the Designating Party or a Court Order secured after appropriate notice to the Designating Party, a Party may not file in the public record any Protected Material in this Litigation. A Party may instead file under seal any Protected Material during this Litigation in accordance with applicable rules. This Protective Order shall constitute authorization to file documents or other information marked "CONFIDENTIAL" under seal.

## VIII. REDACTED FILINGS OF PAPERS WITH PROTECTED MATERIAL

In addition to the requirements of the Local Rules of the District of Nevada, redacted versions of Protected Material filed with the Court under seal shall be filed on the public docket via ECF within ten calendar days (10) of the underseal filing. Such redacted public filings must:

A. Delete or obscure all Protected Material; and

B. Be clearly marked **"Redacted - Public Version"**; and

|   |   |   |
|---|---|---|
| | C. | Clearly identify each place where information or an exhibit has been deleted or withheld. |

To the extent that there is any dispute or challenge regarding the propriety of the redactions and/or the appropriateness of any designations, the burden of establishing the propriety of such redaction and/or designations rests with the Designating Party.

## IX.   UNINTENTIONAL FAILURE TO DESIGNATE

If, through inadvertence, a Designating Party provides any Protected Material pursuant to this Litigation without designating and marking the Protected Material as CONFIDENTIAL, the Designating Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Protected Material, and the Receiving Party shall treat the disclosed Protected Material as CONFIDENTIAL upon receipt of written notice from the Designating Party. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. In the case of redacted material, the Designating Party shall produce within five (5) business days substitute media or documents in the same format as the Protected Material was first produced.

## X.   UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION

When the inadvertent disclosure of any information, document or thing protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privilege is discovered by the Designating Party and brought to the attention of the Receiving Party (a "clawback" request), the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Absent exigent circumstances (*e.g.*, where a substantial universe of material was inadvertently produced because of a systemic vendor error), the Designating Party shall provide to the Receiving Party at the time of the clawback request all the information that normally would be reflected in a privilege log entry with respect to each document identified in the clawback request. Provided the Designating

Party satisfies Federal Rule of Evidence 502(b), the inadvertent disclosure will not operate as a waiver of the privilege(s) or protection(s) claimed.

However, nothing herein restricts the right of the Receiving Party to challenge the Designating Party's claim of privilege if appropriate within a reasonable time after receipt of the clawback request. The Receiving Party shall have the right to apply for an order that such materials are not protected from disclosure by any privilege or doctrine, and may, consistent with Federal Rule of Civil Procedure 26(b)(5)(B), promptly present any clawback challenge to the Court and seek an *in camera* determination of the claim. At all times, the Designating Party bears the burden of proving the propriety of its privilege claim(s).

## XI. INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or lawfully becomes known to the Receiving Party or lawfully comes into the possession of or otherwise lawfully becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order.

## XII. RESPONSIBILITY OF ATTORNEYS

Outside Counsel of record shall be responsible for providing a copy of this Order to all persons entitled to access Protected Material under paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Protected Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by Counsel, experts, or consultants approved under paragraphs 5 and 6 for use as working copies. All copies, extracts, and translations must be appropriately marked and are subject to paragraph 13 of this Order.

## XIII. FINAL DISPOSITION

Upon termination, settlement, or final judgment of this Litigation, including exhaustion of all appeals, the originals and all copies of Protected Material shall be either destroyed or turned

over to the Designating Party, or to their respective Outside Counsel, within sixty (60) calendar days. Outside Counsel, however, may retain pleadings, attorney and consultant work product, and depositions for archival purposes.

If Protected Material is destroyed pursuant to this paragraph, Outside Counsel for the Receiving Party shall provide to Outside Counsel for the Designating Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Protected Material produced hereunder shall continue to be binding after the conclusion of this Litigation.

### XIV.   NO LIMITATION OF OTHER RIGHTS

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### XV.   RELEASE FROM OR MODIFICATION OF THIS ORDER

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work product information. This Order does not preclude the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

### XVI.   DISCOVERY FROM NONPARTIES

A.   If discovery is sought from a person not a Party to this action ("Nonparty") requiring disclosure of such Nonparty's Protected Material, the Protected Material disclosed by any such Nonparty will be accorded the same protection as the Parties' Protected Material and will be subject to the same procedures as those governing disclosure of the Parties' Protected Material pursuant to this Order.

B.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an

        agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

    1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. Make the information requested available for inspection by the Non-Party.

   C. If the Non-Party fails to object or seek a protective order from this court within ten (10) business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XVII. ADMISSIBILITY

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any Document, testimony, or other matter in any Court proceeding related to this matter. The marking of Protected Material pursuant to this Order shall not, for that reason alone, bar its introduction or use at any Court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of the Protected Material.

## XVIII. NON-PARTY SUBPOENA OF PROTECTED MATERIAL

If a Receiving Party receives a subpoena or other compulsory process from a Non-Party to this Order seeking production or other disclosure of a Designating Party's Protected Material,

that Receiving Party shall give written notice to Outside Counsel of record for the Designating Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Protected Material sought and enclosing a copy of the subpoena or other compulsory process. If the Designating Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Protected Material requested prior to receiving a Court order or consent of the Designating Party. In the event that Protected Material is produced to the Non-Party, such material shall be treated as Protected Material pursuant to this Order.

### XIX. UNINTENTIONAL DISCLOSURE OF PROTECTED MATERIAL

If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or Party not authorized under this Protective Order, the Receiving Party shall: (a) promptly inform the unauthorized person of all the provisions of this Order and use its best efforts to bind such person to the terms of this Order; (b) identify such person in writing immediately to the Designating Party; and (c) use its best efforts to retrieve all copies of the Protected Material disclosed.

### XX. COUNSEL'S RIGHT TO PROVIDE ADVICE

Nothing in this Order shall bar or otherwise restrict Counsel herein from rendering advice to its party/client with respect to this Litigation, and in the course thereof, relying upon an examination of Protected Material. However, in rendering such advice and in otherwise communicating with the Party/client, Counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

### XXI. EFFECTIVE DATE

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed CONFIDENTIAL unless and until they are redesignated by the Designating Party or by further order of the Court.

///

///

## XXII.  TERMINATION

The termination of this Litigation shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Designating Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

DATED: December 30, 2021

McDONALD CARANO LLP

By: */s/ Benjamin S. White*
    Tara U. Teegarden, Esq. (NSBN 15344)
    Rory T. Kay, Esq. (NV Bar No. 12416)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    tteegarden@mcdonaldcarano.com
    rkay@mcdonaldcarano.com

Benjamin S. White (CA Bar No. 279796)
*Pro Hac Vice Application Granted*
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, California 92121
bwhite@ipla.com

*Attorneys for Plaintiff*

WEIDE & MILLER, LTD.

By: */s/ Jing Zhao*
    F. Christopher Austin (NSB# 6559)
    Jing Zhao (NSB # 11487)
    10655 Park Run Drive, Suite 100
    Las Vegas, NV 89144
    caustin@weidemiller.com
    jzhao@weidemiller.com

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated:   1-3-2022

Cam Ferenbach
United States Magistrate Judge

15

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| V SHRED, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRAVITY TRANSFORMATION LLC; and GEORGE PERELSHTEYN,<br><br>　　　　Defendants. | Case No. 2:21-cv-01344-JCM-VCF<br><br>**ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY ORDER** |

　　　I, _____ state that:

　　　My business address is _____

_____

　　　My present employer and job description are _____

_____

_____

　　　My relationship to the parties in this action is as follows _____

_____

_____

　　　I have read and reviewed in its entirety the Confidentiality Order that has been signed and entered in this matter.

　　　I hereby agree to be bound by and comply with the terms of the Confidentiality Order, and not to disseminate or disclose any information subject to the Confidentiality Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Confidentiality Order.

　　　I understand that contempt sanctions may be entered for violation of this Confidentiality Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Confidentiality Order.

At the final termination of this litigation, I will return to counsel all documents or things consisting of or containing Confidential Information.

DATED this ____ day of _____

_____
Signature (typed or printed)