Rory T. Kay, Esq. (NV Bar No. 12416)
Tara U. Teegarden, Esq. (NV Bar No. 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: 702-873-4100
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Benjamin S. White (CA Bar No. 279796)
*Pro Hac Vice Application Granted*
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, California 92121
Telephone: 858-272-0220
bwhite@ipla.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| V SHRED, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GRAVITY TRANSFORMATION LLC, a Texas company, and GEORGE PERELSHTEYN, an individual,<br><br>Defendants. | Case No.: 2:21-cv-01344-JCM-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |

Plaintiff V SHRED, LLC ("Plaintiff") and Defendants GRAVITY TRANSFORMATION LLC and GEORGE PERELSHTEYN (collectively "Defendants" and together with Plaintiff, "Parties"), by and through their attorneys, and pursuant to LR IA 6-1 and 26-3, submit the following Stipulation to Extend Time to Take Discovery up to and including September 30, 2022. In support of the Stipulation, the Parties state the following:

1. Statement Specifying the Discovery Completed. Defendants have served their First Set of Requests for Production of Documents and their First Set of Interrogatories. Plaintiff served its responses to Defendant's First Set of Requests for Production of Documents and First Set of Interrogatories. Plaintiff has served its First Set of Interrogatories, its First Set of Requests

for Production of Documents, its First Set of Requests for Admissions, and has noticed the Deposition of Defendant. Plaintiff has served two document productions with its Supplemental Responses to Defendant's First Set of Requests for Production of Documents and its Supplemental Responses to its Initial Disclosures. Plaintiff has additional document productions forthcoming. Defendants' document productions are forthcoming.

2. <u>Description of the Discovery That Remains to be Completed</u>. Plaintiff will need to take Defendant Gravity Transformation LLC's 30(b)(6) deposition and Defendant George Perelshteyn's deposition and disclose expert witnesses. Plaintiff will also supplement its discovery responses. Defendants will respond to Plaintiff's discovery requests, and Defendants will be seeking the deposition of Plaintiff's 30(b)(6) representative and other plaintiff witnesses, including without limitation the author(s) of the copyrighted work that is the subject of this action. Defendants will also be subpoenaing documents and taking the deposition of third-parties whose content they allege Plaintiff copied and copyrighted. Defendant will be disclosing expert witnesses regarding the scope of the work protectable under copyright, scenes a fair, and prior works baring the enforceability of Plaintiff's copyrights in this action, as well as an expert on applicable damages. The Parties will seek to depose all experts and may disclose rebuttal experts as well, which the Parties will then depose.

3. <u>The Reasons why Discovery was not Completed Within the Time Limits</u>. Good cause exists, pursuant to LR 26-3 and LR 26-3(c). In an attempt to avoid the costs and expense of complex copyright infringement and revocation litigation and discovery, the Parties engaged in several rounds of settlement discussions during the discovery period. Such efforts proved unsuccessful. The Parties then reached agreement on a discovery schedule and protective order and this court entered a stipulated protective order. In March 2022, Plaintiff then propounded discovery on Defendants and thereafter provided copies of their written responses to Defendant's discovery requests which were apparently not received due to a clerical error; however, by that time Defendant's undersigned counsel was in final preparations for a complex and extensive trial. As such, Defendants have been unable to have the representation of counsel prior to the deadline for responses to discovery which would otherwise necessitate a motion for a protective

order and to extend discovery in the absence of this stipulation of the Parties. Additionally, Plaintiff's counsel has been on paternity leave requiring additional time to complete discovery responses which would otherwise necessitate a motion for a protective order and to extend discovery in the absence of this stipulation of the Parties.   The current discovery deadline of July 29, 2022, is now inadequate to provide the time required to complete discovery in this complex matter for either party.  Absent this requested amendment, both Parties would be prejudiced, as the Parties need to extend discovery deadlines to complete discovery, including the disclosure and deposition of several experts.  To streamline this process, as discussed herein, the Parties propose permitting the disclosure and deposition of experts and rebuttal experts after the completion of fact discovery to give their respective experts the benefit of all factual discovery.

4. <u>A Proposed Schedule for Completing All Remaining Discovery</u>.  Currently, the Discovery Cut-off Date is Friday, July 29, 2022; the expert disclosure deadline is Monday, August 29, 2022; the rebuttal expert disclosure deadline is Wednesday, September 28, 2022; the deadline to take expert depositions is Friday, October 28, 2022; the dispositive motions deadline is Monday, November 28, 2022; the Pretrial Order deadline is Wednesday, December 28, 2022. The Parties propose the following dates:

    A.    The fact Discovery Cut-off Date shall be <u>Friday, September 30, 2022</u>;

    B.    The expert disclosure deadline shall be <u>Monday, October 31, 2022</u>, thirty-one (31) days after the discovery cut-off date of September 30, 2022, as the 30th day falls on a Sunday;

    C.    The rebuttal expert disclosure deadline shall be <u>Wednesday, November 30, 2022</u>, thirty (30) days after the deadline to disclose initial experts, in accordance with LR 26-1(b)(3);

    D.    The Parties shall have until <u>Friday, December 30, 2022</u>, to take the depositions of the experts, thirty (30) days after the deadline to disclose rebuttal experts;

/ / /

/ / /

    E. The dispositive motions deadline shall be <u>Monday, January 30, 2023</u>, thirty-one (31) days after the deadline to take depositions of the experts on December 30, 2022, as the 30th day falls on a Sunday;

  5. The Pretrial Order deadline shall be <u>Wednesday, March 1, 2023</u>, thirty (30) days after the deadline for filing dispositive motions, in accordance with LR 26-1(b)(5).

  6. This is the second request to extend time to take discovery, but a stipulation for extension of time for Defendants to file their responsive pleading was filed on and granted on August 18, 2021.

  7. This request for an extension of time is not intended to cause any undue delay or prejudice any party.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8.  Therefore, the Parties hereby stipulate to extend the deadlines for discovery as outlined above.

Dated July 15, 2022.

MCDONALD CARANO LLP

By: /s/ *Tara U. Teegarden*
    Rory T. Kay (NSBN 12416)
    Tara U. Teegarden (NSBN 15344)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rkay@mcdonaldcarano.com
    ttegqarden@mcdonaldcarano.com

*Attorneys for Plaintiff*

Dated July 15, 2022.

IPLA, LLP

By: /s/ *Benjamin S. White*
    Benjamin S. White
    (CA Bar No. 279796)
    *Pro Hac Vice Application Granted*
    4445 Eastgate Mall, Suite 200
    San Diego, California 92121
    bwhite@ipla.com

*Attorneys for Plaintiff*

Dated July 15, 2022.

WEIDE & MILLER, LTD.

By: /s/ *F. Christopher Austin*
    F. Christopher Austin (NSBN 6559)
    10655 Park Run Drive, Suite 100
    Las Vegas, NV 89144
    caustin@weidemiller.com

*Attorneys for Defendants*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July 2022.