Rory T. Kay, Esq. (NV Bar No. 12416)
Tara U. Teegarden, Esq. (NV Bar No. 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: 702-873-4100
Facsimile: 702-873-9966
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Benjamin S. White (CA Bar No. 279796)
*Pro Hac Vice Application Granted*
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, California 92121
Telephone: 858-272-0220
Facsimile: 828-272-0221
bwhite@ipla.com

*Attorneys for Plaintiff V SHRED, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| V SHRED, LLC, a Nevada company,<br><br>    Plaintiff,<br>    v.<br><br>GRAVITY TRANSFORMATION LLC, a Texas company; and GEORGE PERELSHTEYN, an individual,<br><br>    Defendants. | Case No. 2:21-cv-01344-JCM-VCF<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15-1, Plaintiff V SHRED, LLC ("V Shred"), by and through its attorneys, hereby moves this Court to amend its Complaint. In support, V Shred submits its Memorandum of Points and Authorities dated October 12, 2022, which is incorporated below, the Declaration of Benjamin S. White attached hereto as Exhibit 1, Plaintiff's Amended Complaint attached hereto as Exhibit 2, the paper and pleadings on file and any oral argument

1

1 | the Court may permit on this issue if the same is required. Plaintiff requests this
2 | Court to issue an order granting Plaintiff's Motion for Leave to File an Amended
3 | Complaint, and any other and further relief as the Court deems just and proper.

Dated: October 12, 2022

Respectfully submitted,

By: */s/ Benjamin S. White*
Benjamin S. White (CA Bar No. 279796)
IPLA, LLP
*Pro Hac Vice Application Granted*
4445 Eastgate Mall, Suite 200
San Diego, California 92121
bwhite@ipla.com

Rory T. Kay, Esq. (NV Bar No. 12416)
Tara U. Teegarden, Esq. (NV Bar No. 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiff V Shred, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff V Shred, LLC ("V Shred") filed suit against the Defendants GRAVITY TRANSFORMATION, LLC ("Gravity") and GEORGE PERELSHTEYN ("Perelshteyn") (collectively, "Defendants"), alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 and breach of contract. Plaintiff respectfully moves this Court to amend its Complaint to add additional counts that were inadvertently omitted from the original Complaint, to add a new defendant based on newly identified evidence, and to clarify definitions in the original Complaint. Plaintiff's counsel requested consent from Defendants to amend its Complaint as outlined above, but consent was denied as Defendants oppose this amendment. White Decl. ¶12-13.

## II. BACKGROUND

V Shred is the owner of a copyright registration granted on February 18, 2019, for "V Shred Unpublished Collection of Scripts for Fitness Videos" which is registered under Registration No.: TXu 2-136-637 ("Registered Scripts"). A true and correct copy of the registration for the Registered Scripts is attached as Exhibit A in the Declaration of Benjamin S. White ("White Decl."). Additionally, V Shred is the owner of a copyright registration granted on February 13, 2019, for "V Shred Unpublished Collection of Fitness Videos" which is registered under Registration No.: PAu 3-961-632 ("Registered Videos"). A true and correct copy of the registration for the Registered Videos is attached at White Decl., Exhibit B. In addition to these copyright registrations, Plaintiff is also the owner of a copyright registration granted on March 3, 2020, for "V Shred Quiz" which is registered under Registration No.: TX0008864359 ("Registered Quiz"). A true and correct screenshot of the United States Copyright Office's Public Catalog for the Registered Quiz is attached at White Decl., Exhibit C. Further, Plaintiff is also the owner of a copyright registration granted on February 12, 2019, for "V Shred Unpublished

Website" which is registered under Registration No.: TXu002153290 ("Registered Website") (collectively, Plaintiff's registrations are referred to as "Plaintiff's Complete Works"). A true and correct copy of the registration for the Registered Website is attached at White Decl., Exhibit D.

On July 14, 2021, Plaintiff filed the present lawsuit in the District of Nevada filing a complaint for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 and breach of contract. ECF No. 1. Inadvertently, Plaintiff only included copyright infringement claims for the Registered Scripts (Count 1) and the Registered Videos (Count 2). However, Plaintiff's original Complaint included factual allegations regarding Plaintiff's quiz and website and Defendants unauthorized copying of those works:

- This Court has personal jurisdiction over Defendant Perelshteyn because he was a central figure and guiding spirit of the infringement as Defendant Perelshteyn controlled Defendant Gravity's online marketing of fitness and nutrition products, devised the scheme to sell those products through a body type quiz and tailored sales video, and *directed that the content of such body type quiz and sales video be copied from Plaintiff's copyrighted works*. ECF No. 1, ¶15 (emphasis added).

- Plaintiff is a fitness, nutrition, and supplement business that primarily operates online through its website at <https://vshred.com/> and is one of the fastest growing businesses in the highly competitive fitness industry. Plaintiff has operated its website since January 2017. ECF No. 1, ¶¶20-21.

- Plaintiff also used a customized "body type quiz" to provide users a daily eating plan, including specific macro goals, based on that individual's age, height, weight, and activity level. ECF No. 1, ¶23.

- Plaintiff's Works have been available on its website at <https://vshred.com/> since the beginning of 2018 when they were included in a redesign of Plaintiff's website that immediately generated

- significant online traffic to <https://vshred.com/> and corresponding consumer interest in Plaintiff's Works. ECF No. 1, ¶ 29.
- Plaintiff has experienced tremendous sales through the combination of its "body type quiz" and VSLs, through use of Plaintiff's Works. ECF No. 1, ¶32.
- In 2018, after Plaintiff's redesigned website went online making Plaintiff's Works available to consumers, Defendants altered their website at <https://gravitytransformation.com/> to copy Plaintiff's redesigned website, Plaintiff's quiz/VSL process, and Plaintiff's Works. ECF No. 1, ¶35.
- Namely, Defendants began utilizing a similar "body type quiz" that asked the same questions regarding a user's age, height, weight, and activity level. ECF No. 1, ¶36.

Plaintiff now requests relief to amend its Complaint so that Plaintiff's Complete Works are included in the copyright claims. Absent this amendment, Plaintiff will be without recourse to have these issues finally decided on the merits.

Additionally, after deposing Gravity's 30(b)(6) witnesses, it became clear that Maksim ("Max") Posternak, a principal of Gravity, should have been named as a defendant in his individual capacity. Facts unknown to Plaintiff at the time of the original Complaint filing came to light during Mr. Posternak's deposition such that he was individually responsible for creating the Infringing Works, and it is still unclear whether he is shielded from individual liability in light of these actions. During the deposition[1], Mr. Posternak testified that he was primarily responsible for the marketing strategy and development of Defendants' Works, previously unknown

//

//

//

---

[1] Citations to the deposition transcript are to an unfinalized version. Pursuant to Fed. R. Civ. P. 30(e)(1), Defendants have until October 28, 2022, to provide any changes to the form or substance of the deposition transcript.

to Plaintiff at the time of the original Complaint's filing. Posternak Dep. 29:17-20[2]; 30:7-12[3]; 31:8-11[4]; 35:21-25 – 36:1-2[5].

Finally, throughout discovery Defendants complained that Plaintiff's definition of Defendants' Works and Infringing Works are unclear. Plaintiff wishes to further amend its Complaint to clarify these definitions so the parties can avoid further issues.

Plaintiff respectfully moves this Court for leave to amend its Complaint to (i) add two additional claims for copyright infringement of Plaintiff's Registered Quiz and Registered Website, (ii) add Maksim Posternak as a defendant, in his individual capacity, and (iii) clarify the definitions of Defendants' Works and Infringing Works. This is Plaintiff's first request to amend its Complaint and is being made in good faith to ensure this matter may be finally resolved on the merits. Defendants will not be prejudiced as the original Complaint put them on notice of Plaintiffs additional claims, little to no additional discovery will be required, there is no surprise to Defendants as they should be fully aware of Mr. Posternak's involvement in the creation of the Infringing Works, and Defendants raised several times their inability to fully respond to discovery based on their confusion with regards to the definitions of Defendants' Works and Infringing Works, which Plaintiff now wishes to resolve.

---

[2] Q. So did you create the macro calculator?
  A. What do you mean by did I create the macro calculator? The concept, yeah, it was created by me.
[3] Q. Okay. What about any advertisements that Gravity Transformation does? What's your involvement in the creation of those advertisements?
  A. So, with ads, I am the one that will, like, I guess, provide the visuals of the ad.
[4] Q. Okay. But for the creation of the visual portion of the ad and the text portion of the ad, that's all you, correct?
  A. Correct.
[5] Q. So is there anybody else responsible for the content of the VSL besides you?
  A. No.
  Q. Okay. So, you create the scripts for the VSL, correct?
  A. Correct.

6

## III.  ARGUMENT

### A. There is Good Cause for This Motion Requesting Leave to File an Amended Complaint

"When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process." *Zambrano v. Cardenas Mkts., Inc.*, No. 2:16-cv-01659-GMN-NJK, 2016 WL 7045710, at *1 (D. Nev. Dec. 2, 2016). The first step requires courts to determine whether "good cause" exists under Fed. R. Civ. P. 16(b) to permit amendment to the scheduling order. *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

While the deadline to amend the Complaint has passed under the Scheduling Order, Plaintiff has not unreasonably delayed in requesting leave to amend its Complaint. This request is being made as a result of newly discovered information that was brought to light during discovery along with an oversight by Plaintiff's counsel. Specifically, Defendants' counsel and Defendants made it clear during discovery and again during depositions that clarifications with respect to the definitions of the Defendants' Works and Infringing Works would be instrumental in clarifying Plaintiff's discovery requests. Further, during deposition, it became apparent that Mr. Posternak should be named in his individual capacity given his instrumental role in the creation and publication of the Infringing Works. Discovery, and specifically Defendants' depositions, had been delayed for some time due to several extensions to the discovery deadlines by stipulation of the parties and further by Defendants' delay in responding to Plaintiff's discovery requests as evidenced by Plaintiff's pending Motion to Compel. ECF No. 27. *See Zambrano*, 2016 WL 7045710, at *2 (finding good cause existed under Rule 16(b) when Plaintiff's amendments were a result of disputes arising during discovery and its motion was

filed a few weeks later). Like in *Zambrano*, Plaintiff is bringing this motion only shortly after this information was revealed during deposition and thus is timely.

With respect to the amendment to add additional copyright claims, there has not been unreasonable delay. This amendment is being requested because Plaintiff's counsel inadvertently submitted an incomplete version of the Complaint and only realized this mistake during depositions. The Complaint includes allegations regarding the Plaintiff's Complete Works because Plaintiff's counsel fully intended to include claims for infringement of all said works. Unfortunately, Plaintiff's counsel failed to include those explicit claims, even though it is clear from the general allegations that Plaintiff's position has always been that Plaintiff's Complete Works were infringed. As soon as practically possible after Plaintiff's counsel realized this omission was made, Plaintiff contacted Defendants' counsel to discuss a stipulation to amend the Complaint to add these claims to assure that this entire dispute was resolved by the present litigation. White Decl. ¶12-13. After that request to stipulate was denied, Plaintiff promptly brought this motion. Thus, good cause exists to allow an amendment of the Scheduling Order here.

Once good cause is established under Rule 16(b)'s standard, the second step a court must consider is whether "good cause" has been established under Fed. R. Civ. P. 15(a) such that the amended pleading is permissible. *Id*. Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As such, the Ninth Circuit has made it clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). To determine whether good cause exists under Rule 15(a), a Court may consider various factors, including "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint." *Zombrano*, 2016 WL 7045710, at *1 (citing *Eminence Cap.*, 316 F.3d at 1052). As further discussed

below, after balancing these factors, good cause exists such that Plaintiff should be granted leave to amend its Complaint.

### i. V Shred Has Not Acted in Bad Faith nor Has It Unduly Delayed Seeking Leave to Amend

Plaintiff discovered the need to amend during the depositions which only recently occurred. Had Defendants' depositions not been delayed, Plaintiff would have been in possession of the new evidence earlier and perhaps before the deadline to amend expired. *See also Roark v. City of Las Vegas,* No. 2:05-cv-00913-RLH-GWF, 2006 WL 8441731, at *5 (D. Nev. Aug. 3, 2006) (Holding that "[g]iven the extension of the discovery scheduling order, the fact that there have been no previous requests to amend the pleadings and the arguable need to conduct some discovery to determine the basis for the claims, the Court finds that Plaintiff has not been guilty of unreasonable delay.").

During depositions, Plaintiff's attorney questioned the Defendants regarding the similarities of Plaintiff's body type quiz to the Infringing Works. White Decl. ¶8. During those lines of questioning, Plaintiff's attorney realized that the copy of the body type quiz he was using to examine the deponent mentioned weights in kilograms, not pounds, which seemed odd since Plaintiff's attorney was sure that the Registered Quiz included weights in pounds. White Decl. ¶9. Plaintiff's attorney took note of this discrepancy, and after the depositions, reviewed the evidence again and confirmed that the body type quiz he was using to examine deponents was not identical to the one that has been submitted as the copyright deposit for the Registered Quiz which had been disclosed in Plaintiff's Initial Disclosures. White Decl. ¶10. While Plaintiff's attorney was reviewing this evidence, he reviewed the Complaint again and realized that although there were allegations that the Registered Quiz and the Registered Website were infringed, there was no explicit claim of infringement. White Decl. ¶11. Additionally, the deposition of Gravity's 30(b)(6)

witnesses revealed that Plaintiff has colorable claims against Maksim Posternak in his individual capacity.

Immediately upon realizing the need to add the new counts and party, Plaintiff's counsel discussed the issue with Defendants' counsel and requested a stipulation to the amend the Complaint. White Decl. ¶12-13. Plaintiff's diligence in requesting a stipulation from Defendants upon this realization counters any claim of undue delay. *See Walker v. Performance Contracting, Inc.*, No. 1:15-cv-01206-JLT, 2016 WL 1090366, at *2 (E.D. Cal. Mar. 21, 2016) (allowing an amendment despite plaintiff's delay finding plaintiff first sought a stipulation to the amendment from opposing counsel shortly after discovering relevant information and permitting the amendment would not delay the litigation).

Even if Plaintiff has delayed in bringing this request – which Plaintiff does not contend – by itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howley v. United* States, 481 F.2d 1187, 1191 (9th Cir. 1973); *see also, Tumbleweed Corp., Inc. v. C & F Aviation, Inc.*, No. 3:07-cv-00126-BES-VPC, 2009 WL 10696225, at *2 (D. Nev. Mar. 13, 2009) ("Even if [plaintiff] should have previously been aware of these claims, 'delay alone is not sufficient to justify the denial of a motion requesting leave to amend.'" (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Finally, this is Plaintiff's first request to amend its Complaint and is being made in good faith to ensure this matter may be fully and finally decided on the merits.

    **ii.**   **Defendants Will Not Be Prejudiced**

When determining whether good cause exists, "[p]rejudice to the defendant is the most important factor" and here, there is no prejudice to the Defendants. *Tumbleweed Corp.*, 2009 WL 10696225, at *2. The original Complaint included allegations that Defendants copied Plaintiff's quiz and website putting Defendants on notice of the facts that would support the new claims. *See Roark*, 2006 WL 8441731, at *5 (holding that when "the factual allegations supporting [the amended]

claim" were "in the original Complaint", the defendant will not be unfairly prejudiced by permitting the amendment to include the new cause of action even if some additional discovery is required). *See also Harding v. Duquesne Light Co.*, 882 F. Supp. 422, 429 (W.D. Pa. 1995) (allowing amendment to the Complaint providing additional claims when the new cause of action was based on the same facts alleged in the original complaint).

Moreover, Defendants cannot claim surprise or prejudice that Plaintiff requests to add Maksim Posternak as a defendant in his individual capacity. Plaintiff's original Complaint stated several factual allegations specifically pertaining to individually named defendant, Perelshteyn, including:

- On information and belief, Perelshteyn is a member of Gravity and directs the controls and operations of Gravity, including its operations of Gravity's website <https://gravitytransformation.com/>. ECF No. 1, ¶7.

- This Court has personal jurisdiction over Defendant Perelshteyn because he was a central figure and guiding spirit of the infringement as Defendant Perelshteyn controlled Defendant Gravity's online marketing of fitness and nutrition products, devised the scheme to sell those products through a body type quiz and tailored sales video, and direct that the content of such body type quiz and sales video to be copied from Plaintiff's copyrighted works. ECF No. 1, ¶15.

Defendants knew or should have known the above factually allegations would also apply to Maksim Posternak and would have been applied, had Plaintiff known of Mr. Posternak's substantial involvement in the marketing and creation of Defendants' Infringing Works.

Further, the copyright registration certificates for both the Registered Website and the Registered Quiz were disclosed and copies provided in Plaintiff's Initial Disclosures served on December 15, 2021. Moreover, the copyright deposit for the Registered Quiz was also disclosed and a copy provided in Plaintiff's Initial Disclosures served on December 15, 2021. Surely, Defendants have been on notice

that the related copyright registrations were germane to these proceedings and allegedly infringed, otherwise it would make no sense to have disclosed said registration certificates and deposit. If Defendants knew of this disclosure, and intentionally ignored it instead of requesting clarification from Plaintiff regarding whether or not it was the basis for an infringement claim, then they certainly cannot claim they were prejudiced.

Additionally, Plaintiff should be permitted to amend its Complaint to clarify the definitions of Defendants' Works and Infringing Works which were specifically complained about by Defendants in their discovery responses and during the depositions of Gravity's 30(b)(6) witnesses. Defendants should not be permitted to claim prejudice when the purpose of the amendment is to cure an issue that Defendants themselves complained about. *See Taylor v. Aria Resort & Casino, LLC*, No. 11-CV-01360-KJD-CWH, 2012 WL 3065503, at *2 (D. Nev. July 27, 2012) (holding defendant was not prejudiced when the proposed amendment "cures the defects complained of by Defendants.").

Considering the lack of prejudice to the Defendants, Plaintiff's request to amend its Complaint should be granted.

### iii. The Proposed Amendment is not Futile

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Tumbleweed Corp.*, 2009 WL 10696225, at *2 (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted)). Plaintiff's requested amendments adding two counts of copyright infringement for Plaintiff's Registered Quiz and Registered Website are not futile as they both constitute sufficient claims. As well, the addition of Maksim Posternak as a defendant is not futile as he is liable for Gravity's copying of Plaintiff's Complete Works in his individual capacity. Finally, amendment to the Complaint to clarify the definitions of Defendants' Works and Infringing Works is not futile as the Defendants'

confusion with regards to these two defined terms has been an ongoing issue throughout discovery.

### iv. Plaintiff's Amended Complaint Relates Back to the Original Complaint

Under Fed. R. Civ. P. 15(c)(1)(B), "an amendment to the pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." The Ninth Circuit has recognized that Rule 15(c) "is liberally applied especially if no disadvantage will accrue to the opposing party." *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) (quoting *Rural Fire Prot. Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1996)). This liberal standard is in recognition of Rule 15's purpose "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Id*. The main inquiry when determining whether an amendment relates back to the original filing goes to whether the original pleading provided the opposing party with fair notice of the newly alleged claims or defenses. *See id*. Courts have found an amended complaint relates back when the claim is "capable of being proven by the 'same kind of evidence offered in support of the original pleading.'" *In re Ravasia*, No. 21-60029, 2022 WL 541183, at *1 (9th Cir. Feb. 23, 2022) (quoting *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995) (internal citations omitted)).

Here, Plaintiff asserted in the original Complaint allegations that Defendants copied Plaintiff's quiz and website, the very conduct that forms the basis of the new claims in the amended Complaint. The previously pled factual allegations put the Defendants on notice of the underlying general conduct at issue and has thus preserved these claims under Rule 15(c). *See ASARCO*, 765 F.3d at 1006 (holding "[u]nder Rule 15(c)'s liberal standard, a plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant…[s]o

long as a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15(c) requires.").

Additionally, Plaintiff's original Complaint put Maksim Posternak on notice of the claims against him as he is one of only two principals at Gravity and knew or should have known the action would be brought against him once evidence was discovered regarding his involvement and individual liability. Fed. R. Civ. P. 15(c)(1)(C) provides that if an amendment naming a party against whom a claim is asserted relates back to the original Complaint, that party must have received "within the period provided by Rule 4(m) for serving the summons and complaint … such notice of the action that it will not be prejudiced in defending on the merits; and…knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Maksim Posternak was deposed as one of Gravity's 30(b)(6) witnesses and testified to his substantial involvement in the creation of Defendants' Infringing Works and in assisting with Gravity's defense related to this matter. Adding claims against Maksim Posternak in his individual capacity should not be surprising and Mr. Posternak is not hindered in bringing a defense considering his substantial involvement in the defense of Gravity for the same related claims.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, V Shred respectfully requests that the Court grant Plaintiff's Motion for Leave to File an Amended Complaint, and any other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATED: October 12, 2022

By: */s/ Benjamin S. White*
Benjamin S. White (CA Bar No. 279796)
*Pro Hac Vice Application Granted*
4445 Eastgate Mall, Suite 200
San Diego, California 92121
bwhite@ipla.com

Rory T. Kay, Esq. (NV Bar No. 12416)
Tara U. Teegarden, Esq. (NV Bar No. 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

*Attorneys for Plaintiff V Shred, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2022, I caused a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND EXHIBITS IN SUPPORT THEREOF** to be served via electronic mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E) upon the following:

> F. Christopher Austin (NSB# 6559)
> caustin@weidemiller.com
> WEIDE & MILLER, LTD.
> 10655 Park Run Drive, Suite 100
> Las Vegas, NV 89144
> *Attorneys for Defendants*

Executed on October 12, 2022, in San Diego, California.

*/s/ Joseph T. Cheng*
Joseph T. Cheng

# INDEX OF EXHIBITS

| Description | Exhibit No. |
|---|---|
| Declaration of Benjamin S. White dated October 12, 2022 | 1 |
| Copyright Registration Certificate for Plaintiff's Registered Scripts | 1.A. |
| Copyright Registration Certificate for Plaintiff's Registered Videos | 1.B. |
| Screenshot of the United States Copyright Office's Public Catalog for Plaintiff's Registered Quiz | 1.C. |
| Copyright Registration Certificate for Plaintiff's Registered Website | 1.D. |
| Plaintiff's Amended Complaint | 2 |