F. Christopher Austin (NSB# 6559)
caustin@weidemiller.com
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
Telephone: (702) 382-4804
Fax: (702) 382-4805

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| V SHRED, LLC,<br><br>Plaintiff,<br>v.<br><br>GRAVITY TRANSFORMATION LLC, a Texas company, and GEORGE PERELSHTEYN, an individual,<br><br>Defendants. | Case No.: 2:21-cv-01344-JCM-VCF<br><br>~~STIPULATION AND~~ ORDER TO EXTEND THE DEADLINES RELATED TO EXPERT DISCLOSURES<br><br>[THIRD REQUEST] |

Plaintiff V SHRED, LLC ("Plaintiff") and Defendants GRAVITY TRANSFORMATION LLC and GEORGE PERELSHTEYN (collectively "Defendants" and together with Plaintiff, "Parties"), by and through their attorneys, and pursuant to LR IA 6-1 and LR II 26-3, submit the following Stipulation to Extend the Deadlines Related to Expert Disclosures by sixty (60) days, and specifically to extend the deadline for expert disclosures from October 31, 2022 to and including December 30, 2022, and to concomitantly extend all subsequent discovery and pretrial deadlines. This is the third request to extend time to complete discovery, as requests to extend discovery were granted by the Court on August 18, 2021 and July 15, 2022. In support of this Stipulation, the Parties state the following.

1. **Statement Regarding Status of Discovery Completed.**

Pursuant to the Order of the Court granting the Parties' Stipulation to Extend Discovery Deadlines, dated July 18, 2022, the Parties bifurcated factual and expert discovery in this matter.

1

fca-1482

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

Doc # 26. Over 14 thousand records were produced during fact discovery and Defendant's two principals were deposed.

Upon the expiration of the deadline for factual discovery (September 30, 2022) and in part as a result of the factual discovery identified and produced thereby, the Parties recommenced an exploration of potential settlement. However, to assess and pursue settlement, the Parties need to further examine the discovery produced and that is the subject of Plaintiff's requests for clarification and production, particularly discovery regarding the financial records of Defendant Gravity. Both Parties believe settlement largely hinges on resolving disputes regarding such financial records and have discussed involving third-party expertise to assist in that regard if necessary.

**2.   Statement of Discovery to be Completed.**

Despite the Parties desire to engage in good faith settlement discussions as discussed above, their ability to engage in such an effort to understand and assess the discovery in this matter in furtherance of exploring settlement is hampered, if not outright precluded, by the looming October 31, 2022, expert disclosure deadline. This case involves not only complex copyrightability issues for which the Parties have engaged experts but will also require expert reports on, among other subjects, weight and fitness training and forensic accounting. To that end the Parties have identified and retained experts in such areas. However, because the subject matter and scope of the expert reports sought in this matter are significant, extensive, and necessarily rely on discovery that the Parties have not fully vetted, and which are the subject of further clarification and supplementation, even if the Parties were not seeking to engage in settlement discussions, there would not be enough time for such experts to assess such discovery to prepare the required reports by the present deadline without prejudice to one or both of the Parties.

**3.   Reason for the Requested Extension.**

As set forth herein, there is "good cause," pursuant to LR II 26-3, for the present request. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and

2

fca-1482

statutory contexts."[1] It generally involves a case-by-case assessment of whether there is some good reason for the delay or requested extension in the absence of bad faith and prejudice to the non-moving party.[2]

Such is the case here. The Parties desire the requested extension to resolve complex outstanding discovery issues to pursue settlement in good faith and thereby avoid the costs and expenses of a complex copyright infringement and revocation action, if possible, which they otherwise could not do given the approaching expert disclosure deadline. Further, as attested to by the signature of the undersigned counsel for Defendant, settlement discussions and discovery issues related to the same were delayed by the necessity of Defense counsel to take multi-day trips out of state the last weeks of September and the first week of October to attend to his family in connection with the decline, passing, and funeral services (which he oversaw) of his mother.[3] Neither party will be unduly prejudiced by the requested extension which is not intended to cause any undue delay in this proceeding.

4. **Proposed Schedule for Remaining Discovery.** Based on the foregoing, the Parties hereby stipulate to extend the discovery and related deadlines in this matter as follows:

a. The expert disclosure deadline shall be <u>Friday, December 30, 2022</u>;

b. The rebuttal expert disclosure deadline shall be <u>Monday, January 30, 2023</u>, thirty-one (31) days after the deadline to disclose initial experts, in accordance with LR 26-1(b)(3), as the 30th day falls on a Sunday;

c. The Parties shall have until <u>Wednesday, March 1, 2023</u>, to take the depositions of the experts, thirty (30) days after the deadline to disclose rebuttal experts;

d. The dispositive motion deadline shall be <u>Friday, March 31, 2023</u>, thirty (30) days after the deadline to take depositions of the experts; and

---

[1] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (discussing "good cause" in the context of Fed. R. Civ. P. 6(b)(1)).
[2] *Id.* at 1109-1110.
[3]

3

fca-1482

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

    e.  The Pretrial Order deadline shall be <u>Monday, May 1, 2023</u>, thirty-one (31) days after the dispositive motion deadline, in accordance with LR 26-1(b)(5), as the 30th day falls on a Sunday.

Dated October 17, 2022.

| MCDONALD CARANO LLP | WEIDE & MILLER, LTD. |
|---|---|
| /s/ *Rory T. Kay* | /s/ *F. Christopher Austin* |
| Rory T. Kay (NSB 12416) | Christopher Austin (NSB 6559) |
| Tara U. Teegarden (NSB 15344) | Jing Zhao (NSB 11487) |
| 2300 West Sahara Avenue, Suite 1200 | 10655 Park Run Drive, Suite 100 |
| Las Vegas, Nevada 89102 | Las Vegas, NV 89144 |
| rkay@mcdonaldcarano.com | caustin@weidemiller.com |
| ttegarden@mcdonaldcarano.com | jzhao@weidemiller.com |
| | |
| | *Attorneys for Defendants* |

IPLA, LLP

/s/ *Benjamin S. White*
Benjamin S. White
*Pro Hac Vice Application Granted*
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
bwhite@ipa.com

*Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10/21/2022

fca-1482