Rory T. Kay, Esq. (NV Bar No. 12416)
Tara U. Teegarden, Esq. (NV Bar No. 15344)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: 702-873-4100
Facsimile: 702-873-9966
rkay@mcdonaldcarano.com
tteegarden@mcdonaldcarano.com

Benjamin S. White (CA Bar No. 279796)
Pro Hac Vice Application Granted
IPLA, LLP
4445 Eastgate Mall, Suite 200
San Diego, California 92121
Telephone: 858-272-0220
Facsimile: 828-272-0221
bwhite@ipla.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| V SHRED, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GRAVITY TRANSFORMATION LLC, a Texas company, and GEORGE PERELSHTEYN, an individual, <br><br> Defendants. | CASE NO.: 2:21-cv-01344-JCM-VCF <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** <br><br> **[FOURTH REQUEST]** |

Plaintiff V SHRED, LLC ("Plaintiff") and Defendants GRAVITY TRANSFORMATION LLC and GEORGE PERELSHTEYN (collectively "Defendants" and together with Plaintiff, "Parties"), by and through their attorneys, and pursuant to LR IA 6-1 and 26-3, submit the following Stipulation to Extend the Deadlines Related to Expert Disclosures by sixty (60) days, and specifically to extend the deadline for expert disclosures from December 30, 2022, to and including February 28, 2023, and to concomitantly extend all subsequent discovery and pretrial deadlines. This is the fourth request to extend time to complete discovery, as requests to extend

1

discovery were granted by the Court on March 28, 2022, July 18, 2022, and October 21, 2022.  In support of the Stipulation, the Parties state the following:

    1.    <u>Statement Specifying the Discovery Completed</u>.  Defendants have served their First Set of Requests for Production of Documents and their First Set of Interrogatories. Plaintiff served its responses to Defendant's First Set of Requests for Production of Documents and First Set of Interrogatories. Plaintiff has served its First Set of Interrogatories, its First Set of Requests for Production of Documents, its First Set of Requests for Admissions, and has deposed Defendant's two principals. Defendants have served six document productions. Plaintiff has served five document productions with its Supplemental Responses to Defendant's First Set of Requests for Production of Documents and its Supplemental Responses to its Initial Disclosures.

    2.    Upon the expiration of the deadline for factual discovery (October 3, 2022) and in part as a result of the factual discovery identified and produced thereby, the Parties recommenced an exploration of potential settlement. Having further examined the produced discovery, *inter alia*, both Parties believe that settlement is likely, and would preserve judicial and party resources.

    3.    <u>Description of the Discovery That Remains to be Completed</u>.  Despite the Parties' desire to engage in good faith settlement discussions as discussed above, their ability to engage in such an effort and finalize the settlement may be hampered, if not precluded, by the looming December 30, 2022, expert disclosure deadline. Further, if settlement is not reached, both Parties will need to disclose expert witnesses, as this case involves not only complex issues of copyright law, but will require expert reports and analyses of weight and fitness training and thorough accounting.  Plaintiff will also supplement its discovery responses.  Defendants will respond to Plaintiff's discovery requests, and Defendants will be seeking the deposition of Plaintiff's 30(b)(6) representative and other plaintiff witnesses, including without limitation the author(s) of the copyrighted work that is the subject of this action.  Defendants will also be subpoenaing documents and taking the deposition of third parties whose content they allege Plaintiff copied and copyrighted.  Defendant will be disclosing expert witnesses regarding the scope of the work protectable under copyright, scenes a fair, and prior works baring the enforceability of Plaintiff's

copyrights in this action, as well as an expert on applicable damages.  The Parties will seek to depose all experts and may disclose rebuttal experts as well, which the Parties will then depose.

      4.      <u>The Reasons why Discovery was not Completed Within the Time Limits</u>.  Good cause exists, pursuant to LR 26-3 and LR 26-3(c).  In an attempt to avoid the costs and expense of complex copyright infringement and revocation litigation and discovery, the Parties continue to engaged in several rounds of settlement discussions during the discovery period.  Prior efforts proved unsuccessful, but recent discovery has encouraged both Parties to seriously consider settlement.  The current expert disclosure deadline of December 30, 2022, is now inadequate to provide the time required to complete discovery in this complex matter for either party.  Absent this requested amendment, both Parties would be prejudiced, as the Parties need to extend discovery deadlines to complete discovery, including the disclosure and deposition of several experts.

      5.      <u>A Proposed Schedule for Completing All Remaining Discovery</u>.  Currently, the expert disclosure deadline is Friday, December 30, 2022; the rebuttal expert disclosure deadline is Monday, January 30, 2023; the deadline to take expert depositions is Wednesday, March 1, 2023; the dispositive motions deadline is Friday, March 31, 2023; the Pretrial Order deadline is Monday, May 1, 2023.  The Parties propose the following dates:

      A.      The expert disclosure deadline shall be <u>Tuesday, February 28, 2023</u>;

      B.      The rebuttal expert disclosure deadline shall be <u>Thursday, March 30, 2023</u>, thirty (30) days after the deadline to disclose initial experts, in accordance with LR 26-1(b)(3).

      C.      The Parties shall have until <u>Monday, May 1, 2023</u>, to take the depositions of the experts, thirty-two (32) days after the deadline to disclose rebuttal experts, as the 30th day falls on a Saturday.

      D.      The dispositive motions deadline shall be <u>Wednesday, May 31, 2023</u>, thirty (30) days after the deadline to take depositions of the experts;

      E.      The Pretrial Order deadline shall be <u>Friday, June 30, 2023</u>, thirty (30) days after the deadline for filing dispositive motions, in accordance with LR 26-1(b)(5).

      6.      This is the fourth request to extend time to take discovery, but a stipulation for

1  extension of time for Defendants to file their responsive pleading was filed on and granted on
2  August 18, 2021.
3      7.   This request for an extension of time is not intended to cause any undue delay or
4  prejudice any party.

6  Therefore, the Parties hereby stipulate to extend the deadlines for discovery as outlined above.

8  Dated December 20, 2022.                    Dated December 20, 2022.

9  MCDONALD CARANO LLP                          WEIDE & MILLER, LTD.

10 By:    /s/    Rory T. Kay                   By:    /s/    F. Christopher Austin
11     Rory T. Kay (NSBN 12416)                     F. Christopher Austin (NSBN 6559)
       Tara U. Teegarden (NSBN 15344)               10655 Park Run Drive, Suite 100
12     2300 West Sahara Avenue, Suite 1200          Las Vegas, NV 89144
       Las Vegas, Nevada 89102                      caustin@weidemiller.com
13     rkay@mcdonaldcarano.com                      *Attorneys for Defendants*
       ttegqarden@mcdonaldcarano.com
14     *Attorneys for Plaintiff*

16 Dated December 20, 2022.

17 IPLA, LLP

18 By:    /s/    Benjamin S. White
19     Benjamin S. White
       (CA Bar No. 279796)
20     Pro Hac Vice Application Granted
       4445 Eastgate Mall, Suite 200
       San Diego, California 92121
21     bwhite@ipla.com
       *Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 12-21-2022

4